Citation Nr: 1542453 
Decision Date: 09/28/15 Archive Date: 10/05/15

DOCKET NO. 12-16 237 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUES

1. Entitlement to service connection for a right wrist disability, to include carpal tunnel syndrome.

2. Entitlement to an initial rating greater than 10 percent for residual scar, right leg, status post exostosis removal.


ATTORNEY FOR THE BOARD

Steve Ginski, Associate Counsel


INTRODUCTION

The Veteran had active service in the U.S. Air Force from November 1986 to July 1994 and in the U.S. Navy from March 1996 to November 2010.

This case comes to the Board of Veterans' Appeals (Board) on appeal from a May 2011 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO), in Salt Lake City, Utah. The case is currently under the jurisdiction of the RO in San Diego, California.

In November 2014, the Board remanded the appeals for further development. The case has been returned to the Board for appellate consideration of all issues except an initial rating in excess of generalized anxiety disorder.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required on his part.


REMAND

VA has a duty to assist a claimant in the development of a claim. That duty includes assisting the claimant by providing an examination when necessary. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2015). A remand is necessary in this case for additional development of the Veteran's appeals.

Beginning with the Veteran's claim of entitlement to service connection for a right wrist condition, the Veteran was afforded a VA examination in November 2013. The examiner noted a current diagnosis of right wrist strain. After examination, the examiner concluded that it was less likely than not that the Veteran's right wrist disability was incurred in or caused by military service. The rationale was that the service treatment records did not document objective findings consistent with a high energy injury to the soft tissue or osseous structures of the Veteran's right wrist, such as fracture, internal derangement, or dislocation. In the absence of such findings, a post-traumatic or chronic inflammatory process is less likely than not. Moreover, the service treatment records also failed to document repetitive microtrauma, which would be required to initiate and sustain a post-traumatic or chronic inflammatory process. Finally, the Veteran's x-rays did not reveal advanced degenerative changes and, as such, were inconsistent with a post-traumatic process.

The Board remanded the Veteran's claim in November 2014 for a new examination for neurological and diagnostic testing in order to determine whether the Veteran had carpal tunnel syndrome, as opposed to the November 2013 examination's opinion regarding a right wrist strain. This examination was conducted in June 2015. On examination, the examiner concluded that the Veteran did not have a peripheral nerve condition due to the lack of current numbness or tingling in his hands. There was pain, as described by the Veteran, but no numbness. Ultimately, the examiner concluded that the Veteran did not have right carpal tunnel or ulnar neuropathy at that time. 

Regrettably, this issue must be remanded again for an addendum medical opinion. The Board is satisfied with the examiner's explanation of whether the Veteran has carpal tunnel syndrome. However, both the November 2013 and the June 2015 VA examinations, which conclude that the Veteran's right wrist disability is not related to active service, failed to account for the Veteran's competent and credible assertions that he had experienced right wrist pain and symptoms since his active service. See Dalton v. Nicholson, 21 Vet. App. 23 (2007) (opinion is inadequate where examiner relies on absence of in service treatment and does not address lay assertions of in service injury). A remand is necessary to obtain an addendum medical opinion that accounts for the Veteran's lay statements regarding in-service wrist symptomatology. 

Next, the RO denied the Veteran's claim for an increased initial disability rating for a right leg scar in a March 2012 Statement of the Case (SOC). Since that time, the RO scheduled the Veteran for another examination of his scar, which was conducted in February 2013. The RO did not subsequently readjudicate the increased disability rating claim in a supplemental statement of the case (SSOC). In situations like this, when the additional evidence is relevant and not duplicative, the RO must furnish an SSOC as provided in 38 C.F.R. § 19.31. In this regard, the waiver process of 38 C.F.R. § 20.1304(c) applies only to evidence submitted following certification of the appeal and transfer of records to the Board. 

There is no similar waiver process in the regulations for evidence received prior to certification and transfer of records to the Board. Thus, the Veteran's claim of entitlement to an increased initial rating for a right leg scar must be remanded for RO consideration of the evidence added to the record since the March 2012 SOC and issuance of a supplemental SOC (SSOC) in compliance with 38 C.F.R. § 19.31. Additionally, the Board remanded this claim for an issuance of an SSOC in the November 2014 remand. Thus, a remand is also necessary to ensure compliance with the November 2014 directives. See Stegall v. West, 11 Vet. App. 268 (1998).

Accordingly, the case is REMANDED for the following action:

1. Arrange for the same examiner who conducted the 
June 2015 right wrist examination, if possible, to review the claims folder and provide an addendum opinion that fully addresses the questions below. If the examiner is unavailable, the file should be referred to another similarly qualified medical professional. The examiner should state on the examination report that review of the claims folder/electronic record was accomplished. The examiner should accomplish the following:

The examiner should identify any and all right wrist disorders the Veteran has had at any time since he filed his claim in June 2010. The examiner is asked to provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that any diagnosed right wrist disorder, to include tendonitis, had onset during the Veteran's active service or was caused by his active service; specifically, in his opinion, the examiner is asked to address the Veteran's competent and credible assertions that he had suffered from right wrist symptoms beginning during his active service. 

2. Readjudicate the claims on appeal, including the readjudication of the issue of entitlement to an initial disability rating in excess of 10 percent for a right leg scar with consideration of all evidence obtained since the issuance of the SOC in March 2012. Specifically, the Veteran underwent an examination of his right leg scar in November 2013. 

If the benefits sought on appeal remains denied, the Veteran should be furnished an appropriate SSOC and be provided an opportunity to respond. Thereafter, the case should be returned to the Board for further appellate consideration, as appropriate.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).